IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHYLLIS CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No.  CIV-04-904-M |
| JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED** .

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on May 31, 2002 alleging a disability since November 27, 1999 (TR. 55-57). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 21, 22). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on December 2, 2003 (TR. 244-261). The Plaintiff appeared in person and with her attorney representative and offered her testimony in support of the application (TR. 246-257). A vocational expert (VE) also testified at the request of the ALJ (TR. 257-260). The ALJ issued his decision on February 20, 2004 finding that Plaintiff was not entitled to DIB (TR. 15-19). The Appeals Council denied the Plaintiff's request for review on June 3, 2004, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 6-9).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations_omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 18).  At step two, the ALJ concluded that Plaintiff suffered from severe impairments due to osteoarthritis of her various joints, fibromyalgia, degenerative disc disease of her lumbar spinal region, hypertension, a history of gastroesophageal reflux disease, and possible anxiety and depression (TR. 18).  At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18).  At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 19). Thus, at step

Case 5:04-cv-00904-M    Document 16    Filed 07/05/05    Page 3 of 8

four of the sequential evaluation process the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 19).

On appeal to this Court, Plaintiff alleges that the ALJ erred in evaluating her pain and in determining that she had the RFC to perform full time work activity due to the combination of fatigue and pain.

In December 1999 and March 2000 Plaintiff was examined by Chris E. Codding, M.D. (rheumatologist), who reported that she had pain and tenderness in her ankles, wrists, neck, hips and shoulders; that she had decreased range of motion in her shoulders; and that she had negative SLR, normal reflexes, and normal strength, except for decreased grip strength bilaterally (TR. 144-145). Dr. Codding's primary diagnoses were of "bilateral osteoarthritis of the hands vs. inflammatory component on top of it", right medial meniscal tear clinically and some osteoarthritis medially, right knee osteoarthritis, bilateral carpal tunnel, and cervical spasm (TR. 145). Dr. Codding also stated that "I do not feel that she is incapacitated to an extent that she is completely disabled" (TR. 120).

In July 2002 Plaintiff was examined by C.L. Soo, M.D. (orthopedic surgeon), who stated that Plaintiff had some tenderness of the lumbar spine in the lateral lumbosacral junction; that her strength from L2-S1 was 5/5 and equal bilaterally; that there were no sensory deficits; and that her reflexes were 2+ and equal bilaterally (Tr. 115). Dr. Soo further stated that an MRI of the lumbar spine showed some degenerative changes without any significant loss of disc height; that she had a hemangioma over the L2 body; and that she had "a bit of neuro foraminal stenosis over the left side over the left L4-5 and not over the right side (Tr. 115). His assessment was that Plaintiff had lumbar degenerative disc disease and some neuro foraminal stenosis but that the stenosis was not "bothering her too much" (TR. 115). Dr. Soo recommended physical therapy for her lumbar spine and also a trial of lumbar epidural injections (Tr. 115). In August 2002 Dr. Soo

reported that epidural blocks had improved Plaintiff's pain but that she was still experiencing pain "all over her body due to polyarthralgia" (TR. 106). In November 2002 Dr. Soo stated that surgery was not a "good option"; and that Plaintiff should do water aerobic exercises, physical therapy, activity modification and medication (TR. 148, 106).

In August 2002 Plaintiff was examined by John A. Saidi, M.D. (family practice) who reported that Plaintiff's gait was normal, safe and stable; and that her grip strength, cervical spine, ankle, elbow, wrist, finger and thumb ranges of motion were within normal limits (TR. 217). Dr. Saidi further reported that Plaintiff had mild pain and stiffness in her hip joints; decreased range of motion and mild pain in her knee joints and decreased range of motion in both her shoulder joints with stiffness on the left side and tenderness and stiffness on the right side (TR. 217). Dr. Saidi also reported tenderness in the paravertebral muscle of the lumbar spine (TR. 217).

Also in August 2002, a Physical RFC Assessment was completed by agency physicians who concluded that Plaintiff could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; stoop only occasionally; and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 224, 225). The agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 225-230).

Plaintiff urges on appeal that the ALJ erred in evaluating her pain (See Plaintiff's Brief at p. 5-10). The legal standards for evaluating pain are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* at 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain."

4

*Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the credibility of the Plaintiff followed the dictates of *Kepler* by providing a meaningful discussion of the evidence which linked specific evidence to his findings (TR. 16-17). In his decision the ALJ accurately observed that Plaintiff had "not developed any arthritic deformities or abnormalities

5

requiring invasive treatments"; that she had not "experienced frequent or prolonged episodes of marked pain or other acute abnormalities requiring emergency room or crisis treatments; and further that she did not require "extensive physical therapies or extensive conservative treatments" (TR. 16). The ALJ also reasoned that despite her pain, "she retains adequate strength, mobility, motor function and neurological functions in her extremities and her spine (TR. 17).

Thus, in accordance with *Luna* and *Kepler,* the ALJ determined that the medical evidence did not support the degree of limitation and pain claimed by Plaintiff. The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987).

Plaintiff's physicians did not confirm the existence of disabling pain and this fact fairly detracts from Plaintiff's credibility. *Talley v. Sullivan*, 908 F.2d 585, 586, 587 (10th Cir. 1990); *Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir. 1988).

An ALJ's determination of credibility is given great deference by the reviewing court. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992). On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

It appears from the record that both the ALJ's pain evaluation and his resultant credibility determination were supported by substantial evidence and should not be disturbed on appeal.

Plaintiff also argues that the ALJ erred in finding that Plaintiff could perform full-time substantial gainful activity (See Plaintiff's Brief at p. 5-10).

Although Plaintiff complains of disabling pain, the medical record fails to support her claimed degree of limitation. It is apparent from the record that Plaintiff's pain is a severe impairment, however, in order to establish disability Plaintiff must show more than the mere inability to work without pain. *Ray v. Bowen*, 865 F.2d 222, 225 (10th Cir. 1989). The proper focus of a disability determination is not on diagnosis, but on functional limitations that prevented regular employment. *Bernal v. Bowen*, 851 F.2d 297, 300 (10th Cir. 1988). None of Plaintiff's physicians placed any restrictions on Plaintiff's ability to engage in physical activities. Thus, it appears from the record that the ALJ properly found that Plaintiff had the ability, despite her impairments, to engage in substantial gainful activity.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 5th day of July, 2005.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

Campell F&R step 4 pain.wpd